HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUEST INTEGRITY USA, LLC,

    Plaintiff,

    v.

A.HAK INDUSTRIAL SERVICES US, LLC,

    Defendant.

Case No. C14-1971-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant A.Hak Industrial Services US, LLC's ("A.Hak") Motion for Summary Judgment Based on Collateral Estoppel (Dkt. # 226) and Motion to Compel (Dkt. # 215).  Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary.  For the reasons that follow, the Court **GRANTS** A.Hak's Motion for Summary Judgment  (Dkt. # 226) and **DENIES as moot** A.Hak's Motion to Compel (Dkt. # 215).

## II. BACKGROUND

Quest owns U.S. Pat. No. 7,542,874 (the "'874 Patent"), entitled "2D and 3D Display System and Method for Furnace tube Inspection."  Dkt. # 227-1 at 2-23 (Phillips Decl. Ex. A).  As noted in the Court's previous order, Dkt. # 81, Quest provides inspection services for oil refinery "furnace tubes," which are serpentine tubes that wrap around a refinery furnace.  Furnace tubes contain petroleum products heated to high

ORDER – 1

temperatures during the refining process. Refineries must periodically clean furnace tubes, and inspect them after cleaning. Quest (like others in the industry) uses "pigs," which are devices that travel along the inside of furnace tubes, to inspect the tubes. The '874 Patent covers methods of displaying the data compiled from furnace pigs in a way that allows technicians to identify the location of defects or other problems in the furnace tubes.

On December 15, 2014, Quest filed a lawsuit in the U.S. District Court for the District of Delaware against A.Hak and two other entities, Clean Harbors Industrial Services, Inc. ("Clean Harbors") and Cokebusters USA, Inc. ("Cokebusters") (collectively, the "Delaware Defendants"). *Quest Integrity USA, LLC v. A.Hak Industrial Services US, LLC, et al.*, Nos. C14-1481-SLR, C14-1482-SLR, C14-1483-SLR, Dkt. # 1 (D. Del. Dec. 15, 2014). Quest alleged that these entities had infringed the '874 Patent. Shortly thereafter, Quest voluntarily dismissed its lawsuit against A.Hak. *Id.*, No. C14-1481-SLR, Dkt. # 24. According to Quest, it withdrew the action after learning that A.Hak planned to contest jurisdiction. Dkt. # 228 at 3. On December 29, 2014, Quest refiled its action against A.Hak in this Court. Dkt. # 1. In response to Quest's claim of patent infringement, A.Hak and the Delaware Defendants asserted that the '874 Patent is invalid.

On June 28, 2016, the Honorable Sue L. Robinson of the United States District Court for the District of Delaware issued an order setting forth the court's findings on claim construction. *See Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, No. 14-1482-SLR, 2016 WL 3548145, at *1 (D. Del. June 28, 2016).

The following year, Judge Robinson issued two decisions, which together invalidated claims 1, 11-13, 24-25, 27-28, 30, 33, 37, and 40 of the '874 Patent and granted summary judgment in the Delaware Defendants' favor. *See Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, --- F. Supp. 3d ---, No. C14-1482-SLR, C14-1483-SLR, 2017 WL 1155381 (D. Del. Mar. 28, 2017); *Quest Integrity USA, LLC v.*

ORDER – 2

*Clean Harbors Indus. Servs., Inc.*, No. C14-1482-SLR, C14-1483-SLR, 2017 WL 1365227, at *1 (D. Del. Apr. 7, 2017). Judge Robinson invalidated the claims under the doctrine of anticipation.[1] As set forth in her March 28 order, Judge Robinson found that Quest had engaged in two commercial transactions with Orion Norco Refining ("Norco") that anticipated the patent claims such that the invention asserted by Quest is not novel. *Quest Integrity USA, LLC*, 2017 WL 1155381 at *7-9.

Now, A.Hak moves for summary judgment on the grounds that Quest's action in this Court is collaterally estopped by Judge Robinson's findings of invalidity. Dkt. # 226. Quest opposes the motion. Dkt. # 228.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

---

[1] Anticipation is a tenet of patent law whereby a claimed invention may be declared invalid under 35 U.S.C. § 102 because "the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee." *Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 66 F.3d 299, 302 (Fed. Cir. 1995).

ORDER – 3

## IV. DISCUSSION

### A. Judicial Notice

As an initial matter, the Court takes judicial notice of the decisions issued by Judge Robinson in the District of Delaware. Under Federal Rule of Evidence 201, the Court make take judicial notice of any fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan,* 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n. 2 (9th Cir. 2002)). The proceedings in Judge Robinson's court have a direct relation to those at hand and the authenticity of her decisions cannot reasonably be questioned.

### B. Collateral Estoppel

In this action, Quest asserts thirty claims of the '874 Patent against A.Hak: claims 1-7, 10-15, 19-20, 23-29, 32-37, 39, 40. Dkt. # 150 at 1. A.Hak contends that Quest is collaterally estopped from asserting each of these claims, and thus, that the Court should grant summary judgment in its favor.

The law of the Federal Circuit governs substantive issues of patent law, whereas the law of the regional circuit governs nonpatent issues. *In re Cambridge Biotech Corp.*, 186 F.3d 1356, 1368 (Fed. Cir. 1999). General principles of collateral estoppel are not unique to patent law. *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1381 n.4 (Fed. Cir. 1999). The Court thus looks to the Ninth Circuit for those principles.

The Ninth Circuit has held that collateral estoppel "prevents a party from relitigating an issue decided in a previous action if four requirements are met: '(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.'" *Kendall v.*

ORDER – 4

*Visa U.S.A., Inc.*, 518 F.3d 1042, 1050 (9th Cir. 2008) (quoting *In re Palmer*, 207 F.3d 566, 568 (9th Cir. 2000)). The party seeking to establish collateral estoppel has the burden to prove that these four elements have been met. *Id.*

On the narrower question of whether collateral estoppel forecloses a plaintiff from asserting alleged patent rights, the Supreme Court has held that a ruling of patent invalidity in one action may require a finding of invalidity in a subsequent action. *See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 333-34, 349-50 (1971). In *Blonder-Tongue*, "the Supreme Court held that a prior determination of patent invalidity may be asserted as a defense to a subsequent attempt to enforce the patent, and that this defense must be accepted by a court unless the patentee demonstrates that he was denied a full and fair opportunity to litigate the validity of his patent in the prior unsuccessful action." *Stevenson v. Sears, Roebuck & Co.*, 713 F.2d 705, 709 (Fed. Cir. 1983) (citing *Blonder-Tongue*, 402 U.S. at 333). In applying this analysis, district courts may not question "whether the prior finding of invalidity was correct." *Id.*

Unlike general principles of collateral estoppel, a court's application of *Blonder-Tongue* is an issue of patent law governed by Federal Circuit precedent. *Pharmacia & Upjohn Co.*, 170 F.3d at 1381 n.4; *see also Ohio Willow Wood Co. v. Alps S., LLC*, No. 2:05-CV-1039, 2012 WL 4322541, at *6 (S.D. Ohio Sept. 20, 2012) ("Although the law of the regional circuit applies to general principles of collateral estoppel, the application of *Blonder-Tongue* is a matter of patent law, and, therefore the law of the Federal Circuit is binding in this area."); *CollegeNET, Inc. v. ApplyYourself, Inc.*, No. CV-02-1359-HU, 2008 WL 4793683, at *3 (D. Or. Oct. 28, 2008) ("While general principles of collateral estoppel are governed by the law of the regional circuit in patent cases, the more exacting issue of the effect of a prior determination of invalidity on current patent claims is one of patent law.").

      **i.**    **Claims 1, 11-13, 24, 25, 27, 28, 33, 37, and 40**

Judge Robinson expressly invalidated eleven of the claims that Quest asserts

ORDER – 5

against A.Hak in this action: claims 1, 11-13, 24, 25, 27, 28, 33, 37, and 40. A.Hak contends that Judge Robinson's express invalidation of these claims entitles it to summary judgment. The Court agrees.

Quest does not dispute that it had a full and fair opportunity to litigate the validity of these claims in the Delaware action, that the issues underpinning these claims were actually litigated, that Quest lost on these issues due to a final judgment,[2] or that it was a party to the Delaware action. A.Hak has thus shown that applying collateral estoppel to these claims would be consistent with the general principles of collateral estoppel set forth by the Ninth Circuit. *See Kendall*, 518 F.3d at 1050.

The same holds true with respect to the standard set forth by the Supreme Court in *Blonder-Tongue*. As noted, that standard provides that a determination of patent invalidity estops a patentee from asserting invalidated patent claims in a subsequent action unless the patentee can show that it did not have a full and fair opportunity to litigate in the prior action. *Blonder-Tongue*, 402 U.S. at 333-34, 349-50. Quest has not sought to show that it lacked a full and fair opportunity to litigate the Delaware action.

Instead, Quest opposes A.Hak's motion on the basis that it involves an impermissible use of offensive collateral estoppel. The Supreme Court has held that "in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979). In Quest's view, A.Hak is the plaintiff with respect to its claims of invalidity, and thus, may not rely on collateral estoppel because it could have joined in the Delaware action, yet decided not to.

---

[2] *See Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, No. C14-1482-SLR, Dkt. # 249 (D. Del. Mar. 28, 2017) (entering judgment against Clean Harbors); *Quest Integrity USA, LLC v. Cokebusters USA, Inc.*, C14-1483-SLR, Dkt. # 376 (D. Del. Jul. 12, 2017) (entering judgment against Cokebusters).

ORDER – 6

The Court disagrees that A.Hak's motion implicates the rule in *Parklane*. While A.Hak indeed bears the burden of proof to establish its defense of patent invalidity, it does not, in a preclusive sense, qualify as the plaintiff for purposes of determining whether collateral estoppel applies under these circumstances. One of the primary effects of *Blonder-Tongue* was to overrule existing precedent that prevented a defendant from asserting collateral estoppel based on a prior finding of invalidity in an action to which it was not a party. *See Blonder-Tongue*, 402 U.S. at 350. In other words, that decision encouraged, rather than discouraged, an assertion of estoppel by a defendant charged with patent infringement, even if that defendant was not involved in the action invalidating the patent. *See id.* Indeed, *Blonder-Tongue* is analogous to the dispute at hand: contemporaneous actions by the same plaintiff against different defendants where one action resulted in a finding of invalidity, which the Supreme Court then permitted the defendant in the other action to assert as a defense. *Id.* at 314-17.

Quest also contends that collateral estoppel should not apply because A.Hak has stipulated to definitions of certain claim terms that are different than the constructions applied by Judge Robinson. That, however, is an issue of claim construction that does not alter the preclusive effect of Judge Robinson's express findings that specific patent claims at issue in this action are invalid. The Court finds that collateral estoppel applies as to claims 1, 11-13, 24, 25, 27, 28, 33, 37, and 40, and **GRANTS** summary judgment accordingly, as there is no genuine dispute of material fact concerning the invalidity of those claims.

### ii. Claims 2-7, 10, 14-15, 19-20, 23, 26, 29, 32, 34-36, and 39

Judge Robinson did not expressly invalidate the remaining nineteen claims that Quest asserts against A.Hak, namely claims 2-7, 10, 14-15, 19-20, 23, 26, 29, 32, 34-36, and 39. A.Hak contends that Judge Robinson's decision as to the other eleven claims collaterally estops Quest from asserting the nineteen remaining claims because the differences between these claims and the invalidated claims are immaterial. Again, the

ORDER – 7

Court agrees.

Whether, for purposes of collateral estoppel, a particular claim in a patent case is the "same" as a claim in a separate case is an issue of patent law. *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1341 n.1 (Fed. Cir. 2012). Federal Circuit "precedent does not limit collateral estoppel to patent claims that are identical. Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (emphasis in original). "If the differences between the unadjudicated patent claims and adjudicated patent claims do not materially alter the question of invalidity, collateral estoppel applies." *Id.*

As mentioned, Judge Robinson basis for invalidating claims 1, 11-13, 24-25, 27-28, 30, 33, 37, and 40 was that they were anticipated by a commercial transaction between Quest and Norco.[3] *Quest Integrity USA, LLC*, 2017 WL 1155381 at *32-43 (claims 1, 11-13, 24-25, 27-28, 30, 33, and 37); *Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, 2017 WL 1365227, at *1-5 (claim 40). Briefly, Quest sold furnace tube inspection services to Norco in 2003 that disclosed the invention set forth in the claims later asserted by Quest against the Delaware Defendants. Those claims consisted of three types: machine claims, process claims, and article of manufacture claims.[4] In reaching her conclusion that the Norco transaction anticipated the asserted claims, Judge Robinson found beyond any genuine dispute of material fact that the transaction implicated each type of patent claim at issue. *Quest Integrity USA, LLC*,

---

[3] Prior to reaching her decision, Judge Robinson ordered Quest to limit the number of claims against the Delaware Defendants to three independent and two dependent claims, meaning that Quest was limited to five claims per defendant. *Quest Integrity USA, LLC*, 2017 WL 1155381 at *1 n.1. Were it not for this limitation, Quest would have asserted more than five claims, such as it has in this action. *Quest Integrity USA, LLC v. Clean Harbors Indus. Servs., Inc.*, No. C14-1482-SLR, Dkt. # 205, at *1 n.1 (D. Del. Jan. 6, 2017).

[4] These are among the four types of things that may be patented, the fourth being a composition of matter. 35 U.S.C. § 101.

ORDER – 8

2017 WL 1155381 at *24-27.

In contending that Judge Robinson's decisions collaterally estop the remaining claims asserted by Quest in this action, A.Hak emphasizes that the remaining claims—as well as the '874 Patent as a whole—comprise the same three types implicated in the Norco transaction. A.Hak also includes a chart demonstrating why there are no material differences between each of the remaining claims and the invalidated claims. Dkt. # 227-1 at 96-109 (Ex. E). Quest contends that the Court cannot rely on this chart because it was not prepared by an expert and, in any event, the chart fails to show that the remaining claims are invalid.

Quest's contention that the Court cannot rely on A.Hak's claim comparison chart is unconvincing. Courts routinely analyze the similarities and differences between claims when deciding whether collateral estoppel should apply. *Ohio Willow Wood Co.*, 735 F.3d at 1342. The Court finds A.Hak's chart to be helpful in performing this analysis and considers it accordingly.[5]

Having reviewed A.Hak's claim comparison chart, the Court finds that A.Hak has carried its initial burden to demonstrate that the invalidated claims and the remaining claims are substantially similar beyond any genuine dispute of material fact. *See Celotex*, 477 U.S. at 323. For example, while claim 2 of the '874 Patent was not asserted in the Delaware action, it is precluded by Judge Robinson's invalidation of claim 12. Claim 2 reads, "The system of claim 1, wherein said display is comprised of a two-dimensional or three-dimensional representation of one or more said tube segments of said furnace." Dkt. # 227-1 at 21 (Ex. A, '874 Patent at 16:45-47). Claim 12 reads, "The computerized method of claim 11, wherein said display is comprised of a two-dimensional or three-dimensional representation of one or more of said stacked tube segments of said furnace." *Id.* at 22 (Ex. A, '874 Patent at 17:36-39). Judge Robinson construed the claim term,

---

[5] A.Hak's chart is not an end run around the page limitation for summary judgment motions. LCR 7(e)(3). Together, A.Hak's chart and motion total twenty-four pages. Dkt. # 226 (Mot. for Summary Judgment); Dkt. # 227-1 at 96-109 (Ex. E).

ORDER – 9

"wherein said display is comprised of a two-dimensional or three-dimensional representation of one or more of said stacked tube segments of said furnace," to mean "inspection data from one or more of the stacked tube segments is displayed in two or three dimensions." *Quest Integrity USA, LLC*, 2017 WL 1155381 at *17. Thus, the Norco transaction anticipated claim 12 because a report generated as part of that transaction included a two-dimensional display of inspection data from twenty-three furnace tube segments. *Id.* Given this analysis, the Court discerns no material difference between claims 2 and 12, and Quest points to none. The same is true for the remainder of A.Hak's claims analysis.

      Indeed, Quest does little to substantively oppose A.Hak's motion as to the unadjudicated patent claims. Beyond arguing that the Court cannot rely on the claim comparison chart, Quest devotes a mere paragraph to support its contention that the remaining claims are materially different from the invalidated claims. First, Quest contends that A.Hak admits that Judge Robinson did not address claim limitations in certain claims. But this ignores the basic principle that unadjudicated claims can be rendered invalid by adjudicated claims if they are substantially identical. Second, Quest disputes A.Hak's contention that claim 3 is precluded by claim 13. According to Quest, claim 3 is not precluded by claim 13 because "Claim 3 specifically requires a computer programmed [sic] to perform functions and Claim 13 only requires that the functions be performed on a computer." Dkt. # 228 at 9. But Quest does not explain why this is a material difference and the Court does not see it as such. Third, Quest takes issue with A.Hak's emphasis on Judge Robinson's finding that each of the three types of patent claims at issue was implicated in the Norco transaction. Although Quest is correct that this finding does not alone entitle A.Hak to summary judgment, A.Hak's argument is not so simple—as set forth in its claim construction chart, A.Hak has performed a detailed analysis of why the invalidated claims preclude the remaining claims.

      If a moving party carries its initial burden to show that unadjudicated patent

ORDER – 10

claims are substantially identical to invalidated claims and the nonmoving party responds with conclusory assertions to the contrary, the nonmoving party has not carried its burden to oppose summary judgment. *Ohio Willow Wood Co.*, 735 F.3d at 1343 (affirming district court's application of collateral estoppel where plaintiff opposed summary judgment by identifying differences in claim scope without explaining why those differences were material). That is the case in this instance. Accordingly, the Court finds that Quest is collaterally estopped from asserting claims 2-7, 10, 14-15, 19-20, 23, 26, 29, 32, 34-36, and 39 of the '874 Patent and **GRANTS** A.Hak's motion for summary judgment as it applies to these claims.

### C. Motion to Compel

On February 10, 2017, A.Hak filed a motion to compel deposition testimony from one of Quest's claim construction witnesses. Dkt. # 215. Issues of claim construction have long since been rendered moot by the decisions of Judge Robinson, by the Court's ruling on May 3, 2017 (Dkt. # 225), and by the Court's instant ruling. Accordingly, the Court **DENIES as moot** A.Hak's motion to compel. Dkt. # 215.

### V. CONCLUSION

For the reasons stated above, the Court **GRANTS** A.Hak's Motion for Summary Judgment Based on Collateral Estoppel (Dkt. # 226) and **DENIES as moot** A.Hak's Motion to Compel (Dkt. # 215). In the status report that A.Hak filed on April 25, 2017, A.Hak represented that it is willing to stipulate to a stay of its counterclaims pending an opportunity for Quest to appeal the instant ruling. Dkt. # 224 at 7. Within seven (7) days from the date of this Order, the parties shall submit a joint status report concerning whether the parties have agreed to a stay of A.Hak's counterclaims and whether Quest's pending motion to dismiss will be withdrawn in accordance with that stay.

DATED this 31st day of July, 2017.

ORDER – 11

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 12