HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QUEST INTEGRITY USA, LLC,

    Plaintiff,

v.

A.HAK INDUSTRIAL SERVICES US, LLC,

    Defendant.

Case No. 2:14-cv-01971-RAJ

ORDER

## I. INTRODUCTION

By Memorandum and Order dated July 31, 2017, this Court ruled that Plaintiff was collaterally estopped from asserting Defendant infringed claims 1-7, 10-15, 19-20, 23-29, 32-37, 39, and 40 of the '874 Patent. Dkt. # 230 (Summary Judgment Order). The Court entered Final Judgement on August 22, 2017 pursuant to Rule 54(b). Dkt. # 233 (Final Judgment Order). The Final Judgment Order stayed and bifurcated Defendant's counterclaims against Plaintiff pending appeal. *Id.*

On appeal to the Federal Circuit, the parties entered into a settlement agreement

ORDER – 1

conditioned on this Court (i) vacating the Summary Judgment and Final Judgment Orders, and (ii) dismissing the action with prejudice which each party bearing its own costs. As part of the settlement agreement, the parties jointly seek an "indicative ruling" that the Court would so rule if the action were remanded. Dkt. # 241.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that a "court may relieve a party or its legal representative form a final judgment, order, or proceeding" where "the judgment has been satisfied, released or discharged," where "applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)–(6). If a timely motion is made for relief that the court lacks authority to grant because an appeal is pending, the court may (1) defer considering the motion; (2) deny the motion; (3) or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a).

While the Supreme Court has stated that exceptional circumstances could support vacatur of a judgment upon settlement by the parties, the Ninth Circuit has subsequently ruled that a district court may vacate its own decision in the absence of extraordinary circumstances. *Am. Games, Inc. v. Trade Products, Inc*., 142 F.3d 1164, 1169 (9th Cir. 1998) ("According to the post-*Bonner Mall* Ninth Circuit decisions, the district court below could have vacated its own judgment using *Ringsby*'s equitable balancing test even if [the parties] had mooted their case by settlement.").

## III. DISCUSSION

Some courts have found that vacatur may be warranted where a settlement, conditioned upon vacatur, would ultimately serve the interests of both parties and judicial efficiency in avoiding further protracted and costly litigation. *See, e.g.*, *In re: TFT–LCD (Flat Panel) Antitrust Litig.*, No. M 07–1827 SI, 2012 WL 12369590, at *4 (N.D. Cal. October 15, 2012). However, it is also true that parties may use vacatur as a "get-out-of jail free" card, resulting in a substantial waste of judicial resources. *See U.S. Bancorp*

ORDER – 2

*Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 28 (1994) (noting that parties may wish to roll the dice rather than settle "if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur"); *Unigen Pharmaceuticals, Inc. v. Walgreen Co.*, 2009 WL 10677072, at * 1 (W.D. Wash. Jul. 8, 2009).

In this case, the Court finds that the strong public interest in the settlement of this litigation and the conservation of judicial resources outweigh the benefit of the limited collateral estoppel effect of the orders entered to date in this case. Indeed, as the parties note, vacating the Summary Judgment and Final Judgment Orders will not undo Judge Robinson's findings regarding the claims under review. *See* Dkt. # 241 at 7. And because the Summary Judgment and Final Judgment Orders remain a matter of public record, they will retain as much instructive or persuasive effect as any court or party wishes to accord them. *See Unigen Pharmaceuticals, Inc.*, 2009 WL 10677072 at * 1.

Important to the Court's consideration of the equities is the fact that the settlement alleviates the need for further proceedings on the claims currently stayed. Furthermore, the public interest would be served by acknowledging the efficacy of the Federal Circuit's mandatory mediation program in which the parties participated, thereby encouraging future dispute resolution by means less costly of private and public resources than full-blown litigation. *See Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328–29 (Fed. Cir. 2003) (Dyk, J., concurring) (discussing the mechanism through which parties can prevent interim decision in the litigation from having a collateral estoppel effect in future litigations and suggesting the parties move the district court to vacate its earlier decisions as part of a settlement). Accordingly, the Court indicates that it will grant the motion to vacate the Summary Judgment and Final Judgment Orders and dismiss the action, if the Federal Circuit remands for that purpose.

### IV. CONCLUSION

For the reasons stated above, the Court indicates that it will grant the motion to vacate the Summary Judgment and Final Judgment Orders and dismiss the action, if the

ORDER – 3

Federal Circuit remands for that purpose.

DATED this 11th day of April, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 4